

FILED

FEB 16 2016

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

## SUPREME COURT OF MISSISSIPPI
### (BEFORE A COMPLAINT TRIBUNAL)

| | |
|---|---|
| THE MISSISSIPPI BAR | COMPLAINANT |
| v. | CAUSE NO. 2014-B-191 |
| JACK PARSONS | RESPONDENT |

### OPINION AND JUDGMENT

THIS MATTER came before the Complaint Tribunal for a trial on the merits on January 27, 2014. Having considered the evidence, the Complaint Tribunal finds Mr. Parsons violated Rules 3.1, 3.3(d), 8.4(a), 8.4(c), and 8.4(d) of the Mississippi Rules of Professional Conduct ("MRPC") and that Mr. Parsons should be SUSPENDED from the practice of law in the State of Mississippi for a period of one year as follows:

The Bar filed a Formal Complaint against Mr. Parsons on February 11, 2014. Mr. Parsons filed an Answer on April 16, 2014.

The Complaint Tribunal has subject matter jurisdiction over this matter. Mr. Parsons is a member of the Mississippi Bar and is subject to the disciplinary authority of the Supreme Court of Mississippi and this duly appointed Complaint Tribunal.

### Findings of Fact

The following facts have been demonstrated by clear and convincing evidence:

On or about September 7, 2013, Adam B. Kilgore, in his capacity as General Counsel of the Mississippi Bar, filed a Bar complaint against Mr. Parsons. The Bar complaint was based on information received from the Court Administrator for the Supreme Court of Mississippi following its decision in the case of *Cooper v. Gatwood*, 119 So. 3d 1031 (Miss. 2013) ("the Gatwood case").

The Gatwood case consists of two parts. The first part involved a contempt action in a domestic relations case that resulted in the Chancery Court of Lamar County rendering a

judgment on September 28, 2009 against David Gatwood ("Mr. Gatwood") and in favor of Susan Cooper ("Ms. Cooper") for failure to pay insurance premiums and medical expenses for his minor children in the amount of $68,671.27 payable in $200 per month instalments. The judgment contans no provision for interest. No appeal was taken from that judgment nor was it amended n any way by the chancery court. Mr. Parsons represented Ms. Cooper as her counsel in the Chancery Court matter.

Approximately fourteen months later, Mr. Parsons obtained an abstract of the Chancery judgment and enrolled it in the Lamar County Circuit Court. On December 1, 2010, Mr. Parsons prepared and filed a Suggestion of Garnishment in the Lamar County Circuit Court naming Lamar Auto Salvage, Inc. ("Lamar") as a garnishee defendant. The Suggestion of Garnshment states that Ms. Cooper had obtained a judgment against Mr. Gatwood in the amount of $68,671.27 plus 8% interest per annum. The Suggestion of Garnishment omitted any reference to the payments of $200 per month. The Lamar County Circuit Court issued a Writ of Garnishment to Lamar with a return date of February 7, 2011. Lamar was served with the Writ but failed to file an answer or to appear on the return date.

Mr. Parsons and Ms. Cooper appeared in the Lamar County Circuit Court on the return date. At the *ex parte* proceeding, Mr. Parsons presented a judgment he had prepared seeking a judgment against Lamar for the full amount of the judgment plus attorney's fees and interest at 8% per annum. Mr. Parsons did not advise the Circuit Court of the following three material facts:

1. that the Chancery Judgment was payable in $200.00 per month instalments;
2. that the Chancery Judgment contained no interest provision; and
3. that Mr. Gatwood was current on the $200.00 per month installments.

Without the benefit of that information, the Circuit Court judge signed the judgment and awarded $2,500.00 in attorney's fees to Mr. Parsons. Mr. Parsons and Ms. Cooper received approximately $40,000.00 in garnishment proceeds prior to Mr. Gatwood's filing a motion to alter or amend the judgment against Lamar and a second motion for sanctions pursuant to Rule 11 of the Mississippi Rules of Civil Procedure and the Mississippi Litigation Accountability Act based on Mr. Parsons representations and omissions to the Circuit Court regarding the monthly payments, the interest rate, and that Mr. Gatwood was actually current on the payments at the time the garnishment action was filed.

The Circuit Court eventually entered an Order finding Mr. Parsons and Ms. Cooper jointly and severally liable for violations of the Mississippi Litigation Accountability Act and Rule 11 of the Mississippi Rules of Civil Procedure. The Circuit Court found that the garnishment action had no basis in fact or law and was a frivolous pleading. The Circuit Court further found that Mr. Parsons failed to inform the Circuit Court of three material facts known to Mr. Parsons at the *ex parte* hearing which resulted in the Court's entry of the judgment against Lamar; namely, that the judgment was payable in installments, that the judgment contained no interest provision, and that Mr. Gatwood was current on the payments under the judgment.

Subsequent to the filing of the garnishment action, Mr. Parsons has taken no remedial action to inform the Circuit Court of the material facts involving the payments, the interest, or the current status of the payments under the Chancery Court Judgment.

The Circuit Court sanctioned Mr. Parsons and Ms. Cooper for the amount of attorneys' fees Lamar and Mr. Gatwood had incurred in the garnishment case and ordered that all of the garnishment proceeds to be returned. Ms. Cooper paid the entire amount of the sanctions. Mr. Parsons did not pay any part of the sanctions.

Mr. Parsons filed an appeal of the Circuit Court's judgment imposing sanctions. The Supreme Court of Mississippi unanimously affirmed the Circuit Court decision.

### Conclusions of Law

A Complaint Tribunal in an attorney disciplinary matter may not impose sanctions on an accused attorney except upon clear and convincing evidence of a violation of the MRPC. Rule 8.6, *Rules of Discipline for the Mississippi State Bar* ("MRD").

### Violations of the Mississippi Rules of Professional Conduct

**Rule 3.1, MRPC**, provides in pertinent part that a lawyer shall not bring a proceeding or assert or controvert an issue therein, unless there is a basis in law or fact for doing so that is not frivolous.

Both the Circuit Court and the Supreme Court of Mississippi found that Mr. Parsons' bringing of the garnishment action was frivolous. This Complaint Tribunal also finds that the garnishment action had no basis in law or fact and was, therefore, frivolous. Mr. Parsons violated Rule 3.1, MRPC.

**Rule 3.3(d), MRPC**, provides that in an *ex parte* matter, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse.

Mr. Parsons failed to advise the Circuit Court of three material facts – 1) that the judgment Mr. Parsons obtained in Chancery Court on his client's behalf contained a provision whereby the judgment debtor could make monthly payments of $200.00 per month until paid; 2) that the Chancery Court judgment contained no provision for interest; and 3) that Mr. Gatwood was current on the his obligations under the judgment.

The Complaint Tribunal also notes that even after Mr. Parsons was made aware of the failure to advise the Circuit Court of these three material facts, he continued to prosecute the garnishment case.

The failure to make a disclosure may be the equivalent of an affirmative misrepresentation. *See* Comment to Rule 3.3, MRPC. *See also, In Re Estate of Ladner*, 909 So. 2d 1051 (Miss. 2004) (finding that Mr. Parsons should be sanctioned for omitting material facts to a tribunal in an *ex parte* proceeding). In *Gatwood*, the Supreme Court found "Parsons undoubtedly knew that misrepresentations to the court were violations of the Litigation Accountability Act and Rule 11, as he had been sanctioned nine years ago under similar circumstances." *Cooper v. Gatwood*, 119 So. 3d at 1037.

Mr. Parsons put on evidence and argued that the Chancery Court's judgment did not limit his client from only collecting the $200.00 monthly instalments and that he was free to file a garnishment amount notwithstanding the fact Mr. Gatwood was current on the payments. He also argued that the payments were put in place for the sole purpose of keeping Mr. Gatwood from being in contempt of the judgment terms. The Complaint Tribunal finds that this interpretation of the judgment terms is neither reasonable nor supported by the law and facts.

The Circuit Court found and the Mississippi Supreme Court affirmed the finding that had Mr. Parsons informed the Circuit Court of these three material facts, the Circuit Court would not have signed the Judgment against Lamar.

**Rule 8.4(a), MRPC**, provides that it is professional misconduct for a lawyer to violate the rules of professional conduct. Here, the Complaint Tribunal has found violations of Rules 3.1 and 3.3(d), MRPC. As such, Mr. Parsons has also violated Rule 8.4(a).

**Rule 8.4(c), MRPC,** provides that it is professional misconduct for a lawyer to engage in conduct involving misrepresentation. As stated in the comments to Rule 3.3, there are circumstances where the failure to make a disclosure is the equivalent of an affirmative misrepresentation. Comments, Rule 3.3, MRPC.

The circumstances presented here wherein Mr. Parsons failed to advise the Court of the instalment provision in the Chancery judgment, the lack of a stated interest rate, and that the judgment debtor was current on his obligations under the judgment terms constitute affirmative misrepresentations. Indeed, Mr. Parsons was on notice from *Ladner* that in an ex parte proceeding, he had a duty to give the Court all of material facts a lawyer should reasonably believe are necessary in order for the Court to make an informed decision.

Actual knowledge that a lawyer is making a misrepresentation is not an element of Rule 8.4(c). Here, the Complaint Tribunal does not find Mr. Parsons had a specific intent to misrepresent his client was entitled to proceed on collecting the judgment at the time he failed to advise the Circuit Court of the three material facts above. However, his failure to take any remedial steps afterwards is problematic in that once he became aware of his failure to advise the Circuit Court at the time he took the judgment against Lamar, he had a duty to correct his omissions, but failed to do so.

**Rule 8.4(d), MRPC,** provides that it is professional misconduct to engage in conduct that is prejudicial to the administration of justice.

Mr. Parsons' violations of the above rules of professional conduct are prejudicial to the administration of justice.

### Imposition of Discipline

In order to impose discipline, the Supreme Court requires a Complaint Tribunal to examine nine factors. The factors are:

1) Nature of the misconduct involved;
2) The need to deter similar misconduct;
3) Preservation of dignity and reputation of the legal profession;
4) Protection of the public;
5) Sanctions imposed in similar cases;
6) The duty violated;
7) The lawyer's mental state;
8) Actual or potential injury resulting from the misconduct; and
9) Existence of aggravating or mitigating factors.

*Liebling v. The Mississippi Bar*, 929 So. 2d 911 (Miss. 2006).

Additionally, the Supreme Court has used the American Bar Association Standards for Imposing Lawyer Sanctions to determine the appropriate sanction to be used in Mississippi attorney disciplinary matters. These standards include the following:

(a) the duty violated;

(b) the lawyer's mental state;

(c) the actual or potential injury resulting from the misconduct; and

(d) the existence of aggravating or mitigating factors.

*L.S. v. Mississippi Bar*, 649 So. 2d 810, 815 (Miss. 1997); *Goodsell v. Mississippi Bar*, 667 So. 2d 7 (Miss. 1996).

### Nature of the Misconduct Involved / Duty Violated

In this case, the nature of the misconduct and the duty violated are closely linked. Mr. Parsons had a duty to inform the circuit court of all material facts in the chancery judgment. While the Complaint Tribunal appreciates his duties to represent his client against a "deadbeat dad," his duties to his client are secondary to his duties to the Court and the legal system. A lawyer cannot simply ignore his duties to the court for the benefit of the client. In fact, his duties to the client are secondary to his duties to the legal system. A lawyer cannot be allowed to simply omit material facts from the tribunal in an ex parte proceeding for the benefit of the client.

**Need to Deter Similar Misconduct**

Obviously, there is a need to deter similar misconduct as it relates to Mr. Parsons and other lawyers. For Mr. Parsons, this case represents the second occasion in which he has been sanctioned monetarily for failing to disclose all material facts in a matter. Sanctions alone have not been sufficient, especially in this case where the client actually paid the sanctions imposed.

**Protection of the Public and Preservation of the Dignity of the Legal Profession**

These two factors are closely related in this matter. Lawyers who fail to advise the Courts of all material facts in an *ex parte* proceeding and file frivolous cause harm the public and damage the dignity of the legal profession by causing the parties involved to incur additional legal expenses. Further, such filings put an additional strain on the legal system, preventing it from handling meritorious matters in a prompt and efficient manner.

**Sanctions in Similar Cases**

The Complaint Tribunal is unable to find cases with similar facts. However, the Complaint Tribunal notes that ABA Standard 6.12 provides that suspension is warranted when a lawyer knows that false statements or documents are being submitted to the court or that material information is being withheld, and takes no remedial action, and causes injury or potential injury to a party to the proceeding, or causes an adverse or potentially adverse effect on the proceeding.

Here, Mr. Parsons knew that he failed to advise the court of the payment provision in the judgment or that the judgment contained no provision for interest and took no remedial action after being informed of the facts by counsel opposite.

**The Lawyer's Mental State**

The lawyer's mental state is not an issue in the case.

**Actual or Potential Injury**

Mr. Parsons caused injury to his own client inasmuch as she paid the attorneys' fees incurred by both Mr. Gatwood and Lamar. Mr. Gatwood was temporarily deprived of his earnings while the matter was litigated.

**Mitigating or Aggravating Factors**

The Complaint Tribunal finds no mitigating or aggravating factors are present.

After consideration of the *Liebling* factors and the ABA Standards, this Complaint Tribunal finds that Mr. Parsons should be suspended from the practice of law for a period of one year.

## Judgment

THEREFORE, THE COMPLAINT TRIBUNAL FINDS that Jack Parsons should be and is hereby suspended from the practice of law in the State of Mississippi for a period of one year.

Mr. Parsons shall reimburse the Bar the sum of $1,386.85 for the investigation of the informal complaint and the filing Formal Complaint. Mr. Parsons shall pay such costs and expenses within thirty (30) days from the date this Opinion and Judgment is issued. Mr. Parsons shall file a certificate with the Supreme Court stating that he has paid the costs.

The Clerk of the Supreme Court of Mississippi shall forward a copy of this Opinion and Judgment to the Executive Director for the Mississippi Bar, Post Office Box 2168, Jackson, Mississippi 39225-2168.

The Clerk of the Supreme Court of Mississippi shall also deliver a copy of this Opinion and Judgment to the Judges of the Circuit and Chancery Courts of Stone County, Mississippi, with instructions to the Senior Judge of each court to include a copy of this Opinion and Judgment in the minutes of their respective courts pursuant to Rule 8.6, MRD.

Additionally, the Clerk of the Mississippi Supreme Court shall immediately forward an attested copy of this Opinion and Judgment to the Clerks of the United States District and Bankruptcy Courts for the Northern and Southern Districts of Mississippi.

During the time he is suspended from the practice of law, the Tribunal hereby enjoins Mr. Parsons from practicing law in the State of Mississippi; from holding himself out as an attorney at law; from performing any legal services for others; from directly or indirectly accepting any fee for legal services; from appearing in any representative capacity in any legal proceeding or Court of the State of Mississippi; from holding himself out to others or using his name, in any manner, with the phrases "attorney at law," "attorney," "counselor at law," "counsel," or "lawyer."

Within thirty (30) days of the entry of this Opinion and Judgment, Mr. Parsons shall provide written notice of his suspension to each of his clients, inform each client of his consequent inability to act as an attorney, and advise each client that they may substitute another attorney or seek legal advice elsewhere. At the request of any client, Mr. Parsons shall promptly return all files, papers, money, or other property in his possession belonging to his clients.

The Tribunal further orders Mr. Parsons to file an affidavit with the Supreme Court of Mississippi stating that he has provided written notice to all clients of his suspension and his consequent inability to act as an attorney. The affidavit shall further state that he returned all files, papers, money, or other property in his possession belonging to clients requesting the same consistent with this Opinion and Judgment. In the event he is unable to notify such clients or return their files, papers, money, or other property, he shall state that due diligence was used to do so. Mr. Parsons shall submit such affidavit within thirty (30) days of the issuance of this Opinion and Judgment and send a copy of the affidavit to The Mississippi Bar.

The Tribunal further orders Mr. Parsons to notify all courts, agencies, and adverse parties (or their respective attorneys) in any proceeding in which he is involved of his suspension and of his consequent inability to act as an attorney. Mr. Parsons shall submit an affidavit to that effect with the Clerk of the Supreme Court of Mississippi within thirty (30)

days of the issuance of this Opinion and Judgment and send a copy of such affidavit to The Mississippi Bar.

This matter shall be deemed a public record. All pleadings, orders, judgments, or other documents associated with the Formal Complaint filed in this matter shall be public record.

All members of the Complaint Tribunal concur.

SO ORDERED, this 12 day of February, 2016.

_____
Presiding Judge

Agreed as to form:

_____
James R. Clark for the Mississippi Bar


_____
Gerald A. Dickerson for Jack Parsons